# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

   v.             Criminal Action No. 2:12cr10

CONSUELO ROSE BOSLEY,
    Defendant.

## ORDER/OPINION REGARDING PLEA OF GUILTY

  This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Consuelo Rose Bosley, in person and by counsel, Scott Radman, appeared before me on May 11, 2012. The Government appeared by Stephen Warner, its Assistant United States Attorney.

  The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Four of the Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Defendant then stated that the agreement as summarized by counsel for the Government was correct and complied with her understanding of the agreement. The Court **ORDERED** the written Plea Agreement filed.

  The Court next inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that she voluntarily waived her right to have an Article III Judge hear and accept her plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate

Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Consuelo Rose Bosley, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count Four of the Indictment, including the elements the United States would have to prove at trial, charging her with possession of pseudoephedrine to be used in the manufacture of methamphetamine. The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Four of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her and understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood she would be subject to a period of up to three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony

conviction payable on or before the date of sentencing. She also understood that her sentence could be increased if she had prior firearm offense, violent felony conviction, or prior drug conviction. She also understood she might be required by the Court to pay the costs of her incarceration and supervised release.

The undersigned also reviewed with Defendant her conditional waiver of appellate rights as follows:

Ct: Did you and Mr. Radman discuss and do you understand from that discussion that you have a right to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals within 14 days of the Judge's informing you of what that sentence is going to be?

Def: Yes, your Honor.

Ct: Did you also understand from your discussions with Mr. Radman that you may have the right to file a motion under Title 28 United States Code section 2255, collaterally attacking or challenging the sentence and how the sentence is being administered or imposed?

Def: Yes, your Honor.

Ct: That's commonly called a writ of habeas corpus-type motion. Did you understand that?

Def: Yes, your Honor.

Ct: Did you and Mr. Radman discuss that under paragraph 14 of your written plea agreement, if the United States District Judge imposes an actual sentence which starts out with a guideline offense level under chapter two of the guidelines, before any adjustment for acceptance of responsibility, of 26 or below, then you are giving up, waiving, your right to directly appeal that sentence to the Fourth Circuit Court of Appeals and you're giving up your right to collaterally attack or challenge that sentence and how it was imposed using a motion under 28 USC section 2255? Did you understand that?

3

Def:   Yes, your Honor.

Ct:    Did you completely understand the waiver that is contained in paragraph 14 before you signed your written plea agreement?

Def:   Yes, your Honor.

Ct:    Has anything about your understanding of that waiver changed since you signed the written plea agreement and today?

Def:   No, your Honor.

Ct:    Did you intend to give up those valuable direct and collateral attack or appeal rights as set out in paragraph 14 of your written plea agreement?

Def:   Yes, your Honor.

Ct:    And that was your own free and voluntary decision to do so?

Def:   Yes, your Honor.

Ct:    And you understand that by answering these questions that if you should appeal, or if you should collaterally attack any sentence that is imposed, that starts with a guideline level of 26 or lower before adjustments for acceptance of responsibility, the appellate court or the reviewing court can look at a transcript of today's hearing, can look at your written plea agreement, can look at a transcript of your sentencing hearing, can look at the Judgment and Commitment Order in your case, and can throw your appeal out, can throw out your collateral attack or challenge under habeas, without ever giving you the chance to be heard?

Def:   Yes, your Honor.

From the foregoing colloquy the undersigned determined that Defendant understood her appellate rights and knowingly gave up those rights pursuant to the condition contained in the written plea bargain agreement.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding her understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Four of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count Four of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulations contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulations contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected, she would not be permitted to

withdraw her guilty plea. Defendant and her counsel each acknowledged their understanding and Defendant maintained her desire to have her plea of guilty accepted.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence than she expected, she would not have a right to withdraw her guilty plea. Defendant further understood there was no parole in the federal system, although she may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Thereupon, Defendant, Consuelo Rose Bosley, with the consent of her counsel, Scott Radman, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Four of the Indictment.

The Court then heard the testimony of USFS Officer David Frashure, who testified he was asked by USFS Special Agent Gene Smithson to take the lead in the investigation of this case, although he was not on the scene. He obtained and reviewed the reports, statements, waivers of rights, and pseudoephedrine purchase logs. He reviewed a statement from Defendant herself dated November 6, 2011, which she made to Deputy Crites of the Grant County Sheriff's Department. In her statement, Defendant stated she had purchased pseudoephedrine for Lawrence Rowe and Christy Smith to make methamphetamine. She purchased pseudoephedrine for Rowe about 10 or more times. She purchased it for Smith twice, and one time she purchased it for her own medical use on the advice of her doctor. She stated she started buying the pseudoephedrine in about April of 2011, and bought her limit every month for Rowe. Every purchase except the three listed above was for Rowe

6

to use to manufacture meth. Officer Frashure also reviewed a Board of Pharmacy read-out showing that Defendant had made 14 purchases of pseudoephedrine and had her attempt to purchase blocked on four occasions. One purchase was made on April 24, 2011, at the Rite Aid in Petersburg in Grant County West Virginia.

Defendant stated she heard, understood, and did not disagree with any of Officer Frashure's testimony, except that her reason for purchasing the pseudoephedrine for Lawrence Rowe was she was "forced." The Court then inquired if she knowingly, voluntarily, and freely possessed the pseudoephedrine knowing it was going to be used in the manufacture of methamphetamine, to which she replied she did.

The undersigned United States Magistrate Judge concludes the offense charged in Count Four of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by the testimony of Officer Frashure.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting her plea; Defendant understood the charges against her, not only as to the Indictment as a whole, but in particular as to Count Four of the Indictment; Defendant understood the consequences of her plea of guilty, in particular the maximum statutory penalty to which she would be exposed; Defendant understood her waiver of appellate rights explained this date; Defendant made a knowing and voluntary plea of guilty to Count Four of the Indictment; and Defendant's plea is independently supported by the testimony of Officer Frashure, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained in Count Four of the Indictment and recommends she be adjudged guilty on said charge as contained in Count Four of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to an Order Setting Conditions of Release previously entered in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: May 11, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE